IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>ENDO INTERNATIONAL PLC; RAJIV KANISHKA LIYANAARCHCHIE DE SILVA; SUKETU P. UPADHYAY; DANIEL A. RUDIO; ROGER H. KIMMEL; SHANE M. COOKE; JOHN J. DELUCCA; ARTHUR J. HIGGINS; NANCY J. HUTSON; MICHAEL HYATT; WILLIAM P. MONTAGUE; JILL D. SMITH; WILLIAM F. SPENGLER; GOLDMAN, SACHS & CO.; J.P. MORGAN SECURITIES LLC; BARCLAYS CAPITAL INC.; DEUTSCHE BANK SECURITIES INC.; RBC CAPITAL MARKETS, LLC; CITIGROUP GLOBAL MARKETS, LLC; MORGAN STANLEY & CO. LLC; SUNTRUST ROBINSON HUMPHREY, INC.; TD SECURITIES (USA) LLC; and MITSUBISHI UFJ SECURITIES (USA) INC.,<br><br>      Defendants. | Civil Action No: |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77v(a), 77p(c), Defendants Endo International plc ("Endo"), Rajiv Kanishka Liyanaarchchie de Silva, Suketu P. Upadhyay, Daniel A. Rudio, Roger H. Kimmel, Shane M. Cooke, John J. Delucca, Arthur J.

Higgins, Nancy J. Hutson, Michael Hyatt, William P. Montague, Jill D. Smith, and William F. Spengler (the "Removing Defendants") by and through their undersigned counsel, hereby remove this putative class action from the Court of Common Pleas of Chester County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. The Removing Defendants appear for purposes of removal only and reserve all defenses and rights available.

As grounds for removal, the Removing Defendants state as follows:

1.      On February 28, 2017, named plaintiff Public Employees' Retirement System of Mississippi filed this action against Defendants in the Court of Common Pleas of Chester County, Pennsylvania (Case No. 2017-02081-MJ).

2.      On March 21, 2017, counsel for the Removing Defendants accepted service on their behalf. Defendants Goldman, Sachs & Co., J.P. Morgan Securities LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., RBC Capital Markets, LLC, Citigroup Global Markets Inc. (incorrectly named as Citigroup Global Markets, LLC), Morgan Stanley & Co. LLC, Suntrust Robinson Humphrey, Inc., TD Securities (USA) LLC, and MUFG Securities Americas Inc. (incorrectly named as Mitsubishi UFJ Securities (USA) Inc.), (the "Underwriter Defendants") were served on March 8, 2017. Therefore, this notice is timely filed under 28 U.S.C. § 1446(b)'s 30-day time limit.

3.      There are no pending motions in this case.

4.      The Underwriter Defendants consent to removal. Accordingly, the Removing Defendants hereby certify that *all* defendants in the action consent to the removal of this case. A Consent to Removal will be filed subsequently by the Underwriter Defendants.

### Removal Is Proper Under 28 U.S.C. § 1441

5.    Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, the federal removal statute, 28 U.S.C. § 1441(a), provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed [to federal court] . . . .

This case is within the original jurisdiction of this Court, under Section 1331, because it asserts claims purporting to arise under the laws of the United States, namely Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"). 15 U.S.C. §§ 77k, 77l(a)(2), 77o. The action is therefore removable under Section 1441(a) unless Congress has "otherwise expressly provided."

### *Before SLUSA*: Section 22(a) of the Securities Act Created Concurrent Jurisdiction Over, and Barred Removal of, Securities Act Cases

6.    In Section 22(a) of the Securities Act, as it was written in 1933, Congress *did* "otherwise expressly provide[]." Back then, the jurisdictional provision of Section 22(a) stated:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this title [the Securities Act] and under the rules and regulations promulgated by the Commission in respect thereto, and, *concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this title [the Securities Act]*.

15 U.S.C. § 77v(a) (1933) (emphasis added). Accordingly, the original Securities Act provided for concurrent federal and state jurisdiction over Securities Act claims. Similarly, the original removal provision of Section 22(a) of the Securities Act barred the removal of Securities Act cases filed in state court, by providing that: "No case arising under this title [the Securities Act]

3

and brought in any State court of *competent jurisdiction* shall be removed to any court of the United States." *See* 15 U.S.C. § 77v(a) (1933) (emphasis added).

7. SLUSA re-wrote both of these provisions to eliminate state court jurisdiction over, and requiring removal of, Securities Act claims.

### *After SLUSA*: Section 22(a) of the Securities Act is Amended to Establish Federal Court as the Exclusive Venue for Securities Act Claims.

8. In 1998, Congress enacted SLUSA expressly to "make[] Federal court the exclusive venue for securities class action lawsuits." H.R. Rep. No. 105-640, at 8 (1998).

9. To ensure that federal courts are the exclusive venue for these securities class actions, SLUSA amended both the jurisdictional and removal provisions of Section 22(a) of the Securities Act. The jurisdictional provision of Section 22(a) now provides:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this title [the Securities Act] and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in section 16 [15 U.S.C. § 77p] with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this title [the Securities Act].

15 U.S.C. § 77v(a) (1998) (amendment in italics). Similarly, Section 22(a)'s removal provision now provides:

> *Except as provided in section 16(c) [15 U.S.C. § 77p(c)],* no case arising under this title [the Securities Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (1998) (amendments in italics). The "section 16" exceptions to each of these provisions refer to SLUSA.

4

10. As discussed above, SLUSA amended the jurisdictional provision of Section 22(a) to create exclusive federal jurisdiction over "covered class actions." 15 U.S.C. § 77v(a). Section 16 of the Securities Act, as amended by SLUSA, defines a "covered class action" to include any case in which a plaintiff asserts claims "on a representative basis on behalf of [himself] and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate . . . ." 15 U.S.C. § 77p(f)(2)(A)(i)(II).

11. This case is a covered class action under SLUSA because plaintiff is a named party seeking to recover damages on a representative basis on behalf of itself and others similarly situated, and the Complaint alleges that common questions of law or fact predominate over individual questions. *See, e.g.*, Compl. ¶¶ 80-84. Because this case involves a covered class action, federal courts have exclusive jurisdiction over it pursuant to Section 22(a). Indeed, every court within the Third Circuit that has considered this issue has held that SLUSA divested state courts of jurisdiction over claims under the Securities Act (such as those asserted in this case), and that class actions asserting such claims under the Securities Act are removable under SLUSA. *See Iron Workers Dist. Council of New England Pension Fund v. MoneyGram Int'l, Inc.*, --- F. Supp. 3d ---, C.A. No. 15-402-LPS, 2016 WL 4585975, at *5 (D. Del. Sept. 2, 2016) ("Congress expressly eliminated state courts' concurrent jurisdiction over covered class actions arising under the Securities Act"); *Rovner v. Vonage Holdings Corp.*, No. 07-178, 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007) (holding that SLUSA "replaced concurrent jurisdiction with exclusive federal jurisdiction over 'covered class actions'" brought under the Securities Act); *Pinto v. Vonage Holdings Corp.*, No. 07-0062 (FLW), 2007 WL 1381746, at *2 (D.N.J. May 7,

2007) (holding that SLUSA "divest[ed] state courts of concurrent jurisdiction over covered class actions"). This case's removal to federal court is required for this reason alone.

12.  An additional, and independent, basis for removal is provided by SLUSA's amendment to Section 22(a)'s removal provision. As discussed above, SLUSA amended that removal provision so that cases "arising under" the Securities Act cannot be removed from state court to federal court "[e]xcept as provided in section 16(c)." 15 U.S.C. § 77v(a). Section 16(c) provides:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c). Subsection (b), in turn, identifies securities class actions based on (1) untrue statements or omissions or (2) deceptive sales. *See* 15 U.S.C. § 77p(b). Thus, Section 16(c) authorizes the removal of class actions that allege misstatements or omissions in connection with a covered security. A "covered security" is defined to include shares either listed, or authorized for listing, on the New York Stock Exchange ("NYSE"), American Stock Exchange ("ASE"), or National Market System of the Nasdaq Stock Market ("Nasdaq"), or "a security of the same issuer that is equal in seniority or that is a senior security to a security" that is listed, or authorized for listing, on the NYSE, ASE, or Nasdaq. *See* 15 U.S.C. §§ 77p(f)(3), 77r(b)(1)(A), (C).

13.  Here, the securities at issue, the common shares of Endo, are "covered securit[ies]" within the meaning of SLUSA because they are listed, and were listed during the relevant period, on NASDAQ. *See, e.g.*, Compl. ¶¶ 1, 4-6. Because this action is a covered class action (*supra* ¶¶ 10-11), makes allegations of untrue statements or omissions (*see, e.g.*, Compl. ¶ 2), involves a covered security, and was brought in state court, it is also removable under Section

16(c). *See, e.g., Rovner*, 2007 WL 446658, at *5 (finding the SLUSA requires removal of covered class action alleging Securities Act claims). Removal is appropriate for this additional reason.

## Additional Removal Considerations

14. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a true and correct copy of the Complaint and Notice to Defend, Civil Cover Sheets, Affidavits of Service of Complaint and Notice to Defend, and Acceptance of Service filed in state court. No other pleadings or orders have been filed in this litigation.

15. The Removing Defendants will promptly serve Plaintiff with a copy of the Notice of Removal and file with the Clerk of the Court of Common Pleas of Chester County, Pennsylvania, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d).

16. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

17. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

18. Accordingly, Removing Defendants remove this action in its entirety from the Court of Common Pleas of Chester County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Dated: Philadelphia, Pennsylvania
       March 31, 2017

                    Respectfully submitted,

                    MORGAN, LEWIS & BOCKIUS LLP

                    */s/ Laura McNally*
                    J. Gordon Cooney, Jr. (No. 42636)
                    Laura H. McNally (No. 310658)
                    1701 Market Street

Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
gordon.cooney@morganlewis.com
laura.mcnally@morganlewis.com

Miles N. Ruthberg (*pro hac vice* motion to be filed)
James E. Brandt (*pro hac vice* motion to be filed)
Jeff G. Hammel (*pro hac vice* motion to be filed)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
miles.ruthberg@lw.com
james.brandt@lw.com
jeff.hammel@lw.com

*Attorneys for Defendants Endo International plc, Rajiv Kanishka Liyanaarchchie de Silva, Suketu P. Upadhyay, Daniel A. Rudio, Roger H. Kimmel, Shane M. Cooke, John J. Delucca, Arthur J. Higgins, Nancy J. Hutson, Michael Hyatt, William P. Montague, Jill D. Smith, and William F. Spengler*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2017, a true and correct copy of the foregoing was served upon the following persons via email and federal express:

Mark S. Goldman, Esquire
GOLDMAN SCARLATO &
    PENNY, P.C.
161 Washington Street
Conshohocken, PA 19428
(484) 341-0700
goldman@lawgsp.com

Jonathan Gardner, Esquire
Serena Howell, Esquire
Thomas Watson, Esquire
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700
jgardner@labaton.com
shallowell@labaton.com
twatson@labaton.com

*Counsel for Plaintiff*

Scott A. Edelman
Jed M. Schwartz
Grant R. Mainland
MILBANK, TWEED, HADLEY &
    MCCLOY LLP
28 Liberty Street
New York, New York 10005
Telephone: (212) 530-5000
sedelman@milbank.com
jschwartz@milbank.com
gmainland@milbank.com

*Counsel for Goldman, Sachs & Co., J.P. Morgan Securities LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., RBC Capital Markets, LLC, Citigroup Global Markets, LLC, Morgan Stanley & Co. LLC, Suntrust Robinson Humphrey, Inc., TD Securities (USA) LLC, and Mitsubishi UFJ Securities (USA) Inc.*

/s/ Laura McNally
Laura H. McNally