# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI,** *Individually and on behalf of all others similarly situated,* **Plaintiff,** v. **ENDO INTERNATIONAL PLC, et al.,** **Defendants.** | Civ. No. 17-1466 |

## O R D E R

On February 28, 2017, Named Plaintiff Public Employees' Retirement System of Mississippi filed this putative federal securities class action in the Chester County Common Pleas Court, alleging that the Registration Statement issued in connection with Defendant Endo International plc's June 5, 2015 underwritten secondary public offering contained material misstatements and omissions respecting the outlook for Endo's generic pharmaceuticals division. (Compl., Doc. No. 1-4.) Named Plaintiff brings claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 against: Endo International plc; Endo officers and board members who signed or were otherwise involved in the drafting and dissemination of the Registration Statement; and the ten investment banks that underwrote the offering. (Id.); 15 U.S.C. §§ 77k, 77l(a)(2), 77o. On March 31, 2017, Defendants removed. (Notice of Removal, Doc. No. 1); 28 U.S.C. §§ 1331, 1441, 1446; 15 U.S.C. §§ 77p(c), 77v(a). On May 1, 2017, Named Plaintiff moved to remand, arguing that this Court lacks jurisdiction because Congress has explicitly barred removal of Securities Act claims. (Doc. No. 30); see 15 U.S.C. § 77v(a) (removal bar). The matter has been exhaustively briefed. (Doc. Nos. 30-1, 31, 32, 33, 34, 37, 38-1, 40.) Because I agree that this Court lacks subject-matter jurisdiction, I must remand to the Chester County Common Pleas Court.

The Securities Act of 1933, as amended by the Securities Litigation Uniform Standards Act of 1998, provides:

> ***Except as provided in section 77p(c) of this title***, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States. . . .

15 U.S.C. § 77v(a) (emphasis added).  Securities Act claims are thus not removable "except as provided in section 77p(c)."  Section 77p(c) provides:

> Any covered class action brought in any State court involving a covered security, ***as set forth in subsection (b)***, shall be removable to the Federal district court for the district in which the action is pending, ***and shall be subject to subsection (b)***.

Id. § 77p(c) (emphasis added).  Section 77p(b) in turn provides:

> No covered class action ***based upon the statutory or common law of any State or subdivision thereof*** may be maintained in any State or Federal court by any private party alleging--
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

Id. § 77p(b) (emphasis added).  Plaintiff thus argues that "[t]he express exception to the removal bar for cases removable under Section [77p(c)] only applies to cases alleging state law claims, and so does not apply to this Action."  (Doc. No. 30-1 at 13.)  I agree.  See Kircher v. Putnam Funds Trust, 547 U.S. 633, 642 (2006) ("[W]e read authorization for the removal in subsection (c), on which the District Court's jurisdiction depends, as confined to cases 'set forth in subsection (b)' . . . ."); id. at 643-44 ("Once removal jurisdiction under subsection (c) is understood to be restricted to precluded actions defined by subsection (b), a motion to remand claiming the action is not precluded must be seen as posing a jurisdictional issue. . . . If the action is not precluded, the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it."); Elec.

Workers Local #357 Pension & Health & Welfare Trusts v. Clovis Oncology, Inc., 185 F. Supp. 3d 1172, 1176 (N.D. Cal. 2016) ("The majority of courts that have addressed the issue have concluded that removal of securities class actions with only federal claims is explicitly barred by the Securities Act, and, therefore, federal courts must remand these actions to state court."); (Doc. No. 32 at 8 ("The full tally, as far as [Named] Plaintiff is aware, is forty-four opinions granting remand to twenty denying it." (as of May 22, 2017))); see also Securities Litigation Uniform Standards Act of 1998, Pub. L. No. 105-353, 112 Stat. 3227 ("An Act [t]o amend the Securities Act of 1933 and the Securities Exchange Act of 1934 t*o limit the conduct of securities class action under State law*, and for other purposes" (emphasis added)); S. Rep. No. 105-182, at 8 (1998) (§ 77p(c) "provides that any class action described in Subsection (b) that is brought in a State court shall be removable to Federal district court, and may be dismissed pursuant to the provisions of subsection (b)"); H.R. Rep. No. 105-640, at 16 (1998) (same).

Accordingly, I must remand. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) ("The removal statute should be strictly construed and all doubts resolved in favor of remand." (quoting Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir. 1996))).

On June 27, 2017, the Supreme Court granted certiorari in *Cyan, Inc. v. Beaver County Employees Retirement Fund*. The Court's decision in that case will likely determine the jurisdictional question presented here. See Petition for Writ of Certiorari, Cyan, Inc. v. Beaver Cty. Empls. Retirement Fund, --- U.S. --- (No. 15-1439), 2016 WL 3040512, at *i ("Whether state courts lack subject matter jurisdiction over covered class actions that allege only '33 Act claims."). Because I lack subject-matter jurisdiction, however, I must immediately remand. See,

e.g., Olberding v. Alvinger, Inc., Nos. 17-3398, 17-3401, 2017 WL 3141889, at *3 (N.D. Cal July 21, 2017) (remanding despite the Supreme Court's grant of certiorari because the court "lack[ed] jurisdiction over this action, and immediate remand is the appropriate course"); Christians v. KemPharm, Inc., No. 17-02, 2017 WL 3017192, at *6 n.6 (S.D. Iowa July 17, 2017) (remanding despite the Supreme Court's grant of certiorari "[b]ecause the Supreme Court will not reach this question until its next term"); Book v. ProNai Therapeutics, Inc., Nos. 16-7408, 17-1740, 2017 WL 2533664, at *2 (N.D. Cal June 12, 2017) (remanding despite pending certiorari petition because the court "lack[ed] jurisdiction to adjudicate Plaintiff's claims"); National Shopmen Pension Fund v. Ally Fin. Inc., No. 17-10289, 2017 WL 2332855, at *2 n.1 (E.D. Mich. May 26, 2017) (remanding despite pending certiorari petition). If appropriate, Defendants may renew their Notice of Removal after the Supreme Court issues its decision in *Cyan, Inc*. See 28 U.S.C. § 1446(b)(3).

**AND NOW**, this 28th day of August, 2017, upon consideration of Named Plaintiff's Motion to Remand (Doc. No. 30), Defendants' Response thereto (Doc. No. 31), Named Plaintiff's Reply (Doc. No. 32), Defendants' May 30, 2017 Letter (Doc. No. 33), Named Plaintiff's June 1, 2017 Letter (Doc. No. 34), Defendants' June 28, 2017 Letter (Doc. No. 37), Defendants' Motion for a Pretrial Conference (Doc. No. 38), Named Plaintiff's Response thereto (Doc. No. 40), and all related submissions, it is hereby **ORDERED** that the Motion (Doc. No. 30) is **GRANTED** as follows:

1. This case is **REMANDED** to the Chester County Common Pleas Court for lack of subject-matter jurisdiction;

2. This Order is **WITHOUT PREJUDICE** to Defendants' right to file a renewed Notice of Removal, if appropriate, following the Supreme Court's decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund*, No. 15-1439; and

3. The Clerk of Court shall **MAIL FORTHWITH** a certified copy of this Order to the Chester County Common Pleas Court, and shall **CLOSE** this case.

        **AND IT IS SO ORDERED.**

        */s/ Paul S. Diamond*

August 28, 2017        Paul S. Diamond, J.